AYANNA Z. GREEN W-75617
VALLEY STATE PRISON FOR WOMEN
P.O. BOX 96
CHOWCHILLA, CA. 93610-0096

In Pro Per

FILED
08 AUG 29 AM 9:39
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

IN THE UNITED STATES COURT OF APPEALS

FOR THE NORTHERN DISTRICT OF CALIFORNIA

AYANNA Z. GREEN,            )   No. C 08-3422 JSW (PR)
         Petitioner,         )
                             )
vs.                          )
                             )   **NOTICE OF APPEAL**
TINA HORNBECK, Warden,       )
         Respondent.         )
                             )
_____)

NOTICE IS GIVEN that petitioner Ayanna Z. Green appeals to the United States Court of Appeals for the Ninth Circuit from the July 24, 2008, ORDER of the District Judge Jeffery S. White, dismissing the petition as a second or successive habeas petition.

DATED: 08/21/08

Respectfully Submitted,

AYANNA Z. GREEN

By Ayanna Z. Green
In Pro Per

1

```
1  AYANNA Z. GREEN  W-75617
   VALLEY STATE PRISON FOR WOMEN
2  P.O. BOX 96
   CHOWCHILLA, CA. 93610-0096
3
   In Pro Per
4
```

IN THE UNITED STATES COURT OF APPEALS

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| AYANNA Z. GREEN, ) | | No. C 08-3422 JSW (PR) |
| Petitioner ) | | |
| ) | | |
| vs. ) | | |
| ) | | **REQUEST FOR CERTIFICATE** |
| TINA HORNBECK, Warden, ) | | **OF APPEALABILITY** |
| Respondent. ) | | |
| ) | | |
| _____ ) | | |

On July 24, 2008, the district court issued an "ORDER OF DISMISSAL". Petitioner has filed a Notice of Appeal from this order.

Pursuant to 28 U.S.C. §2253(c) and Federal Rule of Appellant Procedure 22(b), petitioner hereby request a Certificate of Appealability in order to proceed with this appeal.

Petitioner believes that she is entitled to redress on appeal, and further believes that a Certificate of Appealability should issue in this case on the following grounds:

> In light of Cunningham V. California (2007) 549 U.S. ___ [127 S.Ct. 856], Blakely V. Washington (2004) 542 U.S. 296 and Apprendi V. New Jersey (2000) 530 U.S. 466 the District Court erred in its application of 28 U.S.C. S2244(b)(1) when dismissing the petition as a second or successive habeas petition.

This application is properly presented to this Court and

1

1 | meets the standard required for issuance of a Certificate of
2 | Appealability.
3 |     For the reasons stated in the application, and in the Memo-
4 | randum of Points and Authorities in Support of Request for Certi-
5 | ficate of Appealability which accompanies this request, petition-
6 | er request that her application be granted.

DATED: 06/21/06

Respectfully Submitted,

By Ayahna Z. Green
In Pro Per

```
1  AYANNA Z. GREEN W-75617
   VALLEY STATE PRISON FOR WOMEN
2  P.O. BOX 96
   CHOWCHILLA, CA. 93610-0096
3
   In Pro Per
4
```

IN THE UNITED STATES COURT OF APPEALS

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AYANNA Z. GREEN,<br>    Petitioner,<br><br>vs.<br><br>TINA HORNBECK, Warden,<br>    Respondent. | No.C 08-3422 JSW (PR)<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF REQUEST FOR CERTIFICATE OF APPEALABILITY** |

ARGUMENT

I. A CERTIFICATE OF APPEALABILITY IS PROPER IN THIS CASE.

    A. The Standard For Granting A Certificate Of Appealability.

Federal Rule Of Appellate Procedure 22(b) provides quite explicitly that District Court judges have full authority to issue the certificates necessary for an appeal:

> "If an appeal is taken by the applicant, the district judge who rendered the judgment shall issue a Certificate os Appealability or state the reason why such a certificate should not issue.... If the district judge has denied the certificate, the applicant for the writ may then request issuance of the certificate by a circuit judge."

The Ninth Circuit has held that District Court judges do indeed have authority to issue certificates of appealability in habeas corpus cases. See, e.g., United States V. Asrar, 116 F.3d

1

1 | 1268 (9th Cir. 1997). The standard which governs this question is
2 | also clear.
3 |     Prior to April 24, 1996, a district court was required to
4 | issue the appropriate certificate permitting appeal (the called a
5 | certificate of probable cause) whenever petitioner had made a
6 | "substantial showing of the denial of [a] federal right."
7 | Barefoot V. Estelle (1983) 463 U.S. 880, 893; Van Pilon V. Reed
8 | (9th Cir. 1986) 799 F.2d 1332, 1335. Under this rule, district
9 | court's were required to issue certificates permitting appeal
10 | whenever a claim presented "a question of some substance," i.e.
11 | an issue (1) that is "debatable among jurists of reason," (2)
12 | "that a court could resolve in a different manner," (3) that is
13 | adequate to deserve encouragement to proceed further," or (4)
14 | that is not "squarely foreclosed by statute, rule, or
15 | authoritative court decision,...or...[that is not] lacking any
16 | factual basis in the record of the case." Barefoot V. Estelle,
17 | supra, 463 U.S. at 893-894. See also Rodriguez V. Scully (2d Cir.
18 | 1990) 905 F.2d 24; Wools V. McCotter (5th Cir. 1986) 798 F.2d
19 | 695, 697.
20 |     As part of the April 1996 amendments to the habeas corpus
21 | statutes, Congress amended 28 U.S.C. section 2253. Amended section
22 | 2253(c)(1) changes the terminology, referring to a "certificate of
23 | appealability" rather that a certificate of probable cause.
24 | Section 2253(c)(2) embraces in almost identical terms the standard
25 | set forth in Barefoot for when issuance of the certificate is
26 | appropriate:
27 |         "A certificate of appealability may issue...if
the applicant has made a substantial showing
28 |         of the denial of a constitutional right."

1   The only change in amended section 2253(c)(2) is the
2   substitution of the phrase "constitutional right" (emphasized in
3   the above quote) for the phrase "federal right" in the Barefoot
4   standard. Slack V. McDaniel (2000) 529 U.S. 473, 482. As the
5   Supreme Court has concluded, however, where a district court
6   rejects constitutional claims on the merits, the standard under
7   amended section 2253 for granting a certificate permitting appeal
8   is identical to the standard under Barefoot. Id. at 482-483.
9   Accord Hardwick V. Singletary (11th Cir. 1997) 126 F3d 1312; Reyes
10  V. Keane (2d Cir. 1996) 90 F.3d 676, 680; Herrera V. United States
11  (7th Cir. 1996) 96 F.3d 1010, 1012. Under this standard, a
12  certificate of appealability is proper in this case as to all
13  claims petitioner raises in her petition.

      B.    The District Court Erred In Dismissing These New Claims As A Second Or Successive Habeas Petition, As These Challenges Have Never Been Raised In A Previous Petition, A Certificate Of Appealability Should Issue To Determine If Section 2244(b)(1) Can Bar Relief And, If Not, Whether Relief Should Be Granted On The Merits.

18  In the district court's Order, on the first page, it states
19  "Under AEDPA, a district court must dismiss claims presented in a
20  second or successive habeas petition challenging the same
21  conviction and sentence that were raised in a previous petition.
22  See 28 U.S.C. §2244(b)(1);". In the previous petition, Case No.
23  C:05-cv-2574 JSW(PR), the petitioner is challenging her
24  unconstitutional conviction. This petition is challenging the
25  petitioner's unconstitutional 10 year upper term enhancement
26  under the new rule of Cunningham V. California, supra, Blakely V.
27  Washington, supra, and Apprendi V. New Jersey, supra.
28

3

Under 28 U.S.C §2244(2)(A) "(2) A claim presented in a second or successive habeas corpus application under section 2254 that was <u>not</u> presented in a prior application shall be dismissed unless---(A) the applicant shows that the claim relies on a <u>new rule</u> of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable;".

These claims have not previously been presented to any court, and thus should not be dismissed as a second or successive petition. These are not identical grounds to those currently being reviewed in this Court under case no. C 05-cv-2574 JSW(PR). These claims were not adjudicated through a prior habeas petition.

Due to <u>Cunningham V. California</u>, supra, <u>Blakely V. Washington</u> supra, and <u>Apprendi V. New Jersey</u>, supra, the petitioner now has the opportunity to challenge her illegal upper term enhancement of (10) ten years by the sentencing judge based on judicial fact finding, denying the petitioner her right to a jury trial. As any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt. The United States Supreme Court held that California's determinate sentencing law violates a defendant's federal constitutional right to a jury trial and proof beyond a reasonable doubt by allowing the judge to impose an aggravated sentence based on facts found by the judge by a preponderance of the evidence. In addition, these facts could not be brought forth at the time of the petitioner's sentencing as these new rules had yet to be established.

4

1  Also, as a pro se petitioner, the petitioner was unaware that
2  she needed to present an order from the court of appeals
3  authorizing the Court to consider these claims, as stated in the
4  Court's Order Of Dismissal.
5  In sum, in light of Cunningham V. California (2007) 549 U.S.
6  ___ [127 S.Ct. 856], Blakely V. Washington (2004) 542 U.S. 296 and
7  Apprendi V. New Jersey (2000) 530 U.S. 466, a certificate of
8  appealability is required. Good cause shown, this petition should
9  be granted or in the alternative additional proceedings for an
10 evidentiary hearing. A certificate of appealability should issue.
11 For the reasons stated above the petitioner Prays for the
12 relief sought.

DATED: 06/21/04

Respectfully Submitted,

AYANNA Z. GREEN

By Ayanna Z. Green
In Pro Per

5

```
Name: AYANNA Z. GREEN
W#   75617
Housing  B4-17-04Low
Valley State Prison For Women
PO Box 96
Chowchilla, California 93610-0096
```

IN THE UNITED STATES COURT OF APPEALS

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PEOPLE OF THE STATE OF CALIFORNIA,<br><br>Plaintiff and Respondent,<br>TINA HORNBECK (WARDEN)<br><br>vs.<br><br>AYANNA Z. GREEN,<br><br>Defendant | No. _____<br><br>MOTION FOR APPOINTMENT OF COUNSEL BY DEFENDANT IN CUSTODY AND DECLARATION OF INDIGENCY |

ON August 21, 2006

TO THE HONORABLE COURT IN THE ABOVE-ENTITLED CAUSE OF ACTION:

PLEASE TAKE NOTICE.

I, AYANNA Z. GREEN, defendant in the above-entitled action, do hereby request the Superior Court Of The State Of California to appoint an attorney to represent me in this matter so that my interests may be protected by the professional assistance required.

In support of this request, I declare that I am presently in custody, that I have no means of retaining an attorney to represent me, and that I have no income or assets except as follows: _____N/A_____

I declare under penalty of perjury that the foregoing is true and correct.

08/21/06
DATE

Ayanna Z. Green
DEFENDANT

AUTHORITIES

Penal Code § 1240.1 (b)

Ayanna Z. Green
CDC No. W-75617
Address: P.O. Box 96
Valley State Prison for Women
Chowchilla, CA 93610-0096


In Pro Per

IN THE UNITED STATES COURT OF APPEALS

FOR THE NORTHERN DISTRICT OF CALIFORNIA

In re

AYANNA Z. GREEN

ON HABEAS CORPUS

_____/

No.

REQUEST FOR APPOINTMENT
OF COUNSEL AND DECLARATION
OF INDIGENCY


I, Ayanna Z. Green, declare that I am the petitioner to the above-referenced matter, that I am incarcerated at Valley State Prison for Women, and that I am indigent and unable to afford counsel. My total assets are $0.00 and my income is $0.00 per month.

I hereby request that counsel be appointed in this matter so that my interests may be protected by the professional assistance required.

I declare under penalty of perjury that the foregoing is true and correct and that this declaration was executed on August 21, 2006.

**PROOF OF SERVICE**

AYANNA Z. GREEN, )
    Petitioner, )
) Case No. C08-3422 JSW (PR)
vs. )
)
TINA HORNBECK, Warden )
    Respondent. )
)
_____ )

I, the undersigned, certify that I am over the age of eighteen years, and a (X) party/(__) non-party to this action.

On August 21, 2008, I served a copy of 1.) Notice of Appeal, 2.) Request for Certificate of Appealability, 3.) Memorandum of Points & Authorities in Support of Request for Certificate of Appealability.

(X) by placing in an envelope addressed to the person(s) herein listed, and by depositing envelope with Correctional Officer B. Nu c/o with First Class postage (or CDC-193) attached and for delivery to the United States Postal Service; or (__) by personal service upon person herein listed at _____ hours:

1.) United States Court of Appeals - 9th Circuit
    95 Seventh Street
    San Francisco, CA. 94119-3939

2.) California Attorney General - San Fran. Office
    455 Golden Gate Ave., #11000
    San Francisco, CA. 94102-3664

I declare under the penalty of perjury that the foregoing is true an correct. Executed this 21 day of August 2008 at Chowchilla (city) California (state) in Madera (county) County.

_____
DECLARANT

Ayanna Z. Green
In Pro Per